●                                    ●

**Prosecutor General's Office**              **Ms. Mary Ellen Warlow**
**of the Russian Federation**                        **Director**
                                     Office of International Affairs
    15A Bolshaya Dmitrovka                US Department of Justice
  Moscow, GSP-3, 125993, Russia
                                        1301 New York Ave. NW
  09.2004  Our ref. 35/2-1349-04          Washington, D.C. 20005

Esteemed Ms. Warlow,

The Prosecutor General's Office of the Russian Federation presents its compliments to the US Department of Justice and pursuant to the Treaty on Mutual Legal Assistance in Criminal Matters of June, 17, 1999, kindly requests legal assistance in criminal matter No. 1199, instituted on the elements of the crime stipulated in part 3, Article 159 (fraud) of the Criminal Code of the Russian Federation.

Performance of the investigative actions in the territory of the United States of America is necessary to ensure a comprehensive preliminary investigation.

The Russian Criminal Procedure legislation provides for limited period of pre-trial investigation of criminal cases. The breach of the procedural period may adversely affect the results of investigation of a criminal case, as well as bringing guilty persons to book.

Considering the above, I kindly ask you to execute the request by December 20, 2004, and to inform the Prosecutor General's Office of the Russian Federation of the results.

We guarantee that the information and documents obtained upon execution of the request will be used for the purposes of the investigation only and will not cause any harm to the sovereignty, security and public order of the United States of America.

The Prosecutor General's Office of the Russian Federation thanks you in advance for your cooperation and confirms its readiness to provide similar or other kind of legal assistance in criminal matters to the law-enforcement agencies of the United States of America.

Enclosure: request for legal assistance in 41 pages.

Chief
International Law Department        /handsignature/          R.A.Adelkhanyan

Translated into English by A.Bashlykova

21

To the competent authorities
of the United States of America

## REQUEST FOR LEGAL ASSISTANCE

Russian Federation
Kemerovo                                                      23 March 2004

The Investigation Section of the Main Investigation Office at the Main Department for Home
Affairs in the Kemerovo region investigates Criminal Case №1199 concerning illegal refund of the
value added tax from the budget of the Russian Federation to the closed joint-stock company
(hereinafter referred to as 'ZAO') 'Koksokhimmontazh-Kemerovo' (Kemerovo, Russia).

The present criminal case was initiated 28 November 2003 by the first deputy public prosecutor of
the Kemerovo region, counsellor of justice of the 3rd grade A. G. Gaponenko according to Part 3
Article 159 of the Criminal Code of the Russian Federation (the extract from the Criminal Code of
the Russian Federation is attached).

According to the preliminary investigation, on 20 July 2000, ZAO 'Koksokhimmontazh-Kemerovo'
(Kemerovo) entered into contract №709-34/12 with the international company 'Kester Trade LLC'
(USA, legal address: Willow Grove Road, B2, Cadmen Kent, USA) through UAB 'LIETUVOS
AVIALINIJOS CARGO' on delivering two high pressure gas generators GV-3 worth 5,050,000
rubles.

In accordance with the terms and conditions of the above contract, in July 2000, ZAO
'Koksokhimmontazh-Kemerovo' delivered two high pressure gas generators GV-3 worth 5,050,000
rubles to the international company 'Kester Trade LLC' (USA) through the company UAB
'LIETUVOS AVIALINIJOS CARGO' (Lithuania, Vilnius 2038, Rodunes, 18). The customs
formalities and all the transportation documents were executed in Moscow.

On 21 August 2000, the management of ZAO 'Koksokhimmontazh-Kemerovo' submitted to the
Inspection of the RF Ministry of Taxation a package of documents for refunding the value added
tax from the federal budget of the Russian Federation to the amount of 1,000,000 rubles paid to the
suppliers of the exported goods.

On 20 April 2001, the Inspection of the RF Ministry of Taxation for Kemerovo by its decision
№158 denied ZAO 'Koksokhimmontazh-Kemerovo' refund of the value added tax of 1,000,000
rubles from the federal budget of the Russian Federation. The denial to refund the value added tax
was based on the fact that, though Russia was indicated as 'the country of origin' in line 16 of
Customs Declaration №05843/280700/0001442, according to the All-Russian Research Institute of
Standardization, the database 'Production of Russia' does not contain information on high pressure
gas generators GV-3. Moreover, line 8 in the report of appraisal №06-968 carried out to issue the
certificate of origin of 31.07.2000 refers to the Federal Research and Production Center 'Altai' as a
producer of high pressure gas generators GV-3, though the preliminary investigation has shown that
the Center 'Altai' has never produced such gas generators.

Moreover, according to the information provided by the US Internal Revenue Service to the
International Cooperation Department of the RF Ministry of Taxation, the company 'Kester Trade
LLC' was registered as a corporation on 13.08.1998 in the State of Delaware. The articles of
incorporation of the company 'Kester Trade LLC' indicate that the director of the company is a Ms.
Belinda Lanyon who resides on the Island of Sark in the La Manche islands. No office of the

22

company 'Kester Trade LLC' or Ms. Belinda Lanyon could be located in the USA. The taxpayer records of the US Internal Revenue Service show that the company 'Kester Trade LLC' has never applied for a tax identification number and since its registration it has never filed any tax returns. The US Internal Revenue Service concludes that the company 'Kester Trade LLC' is only a post office box company and that it has never conducted any business in the United States.

Based on the above and for the purpose of comprehensive and objective investigation into Criminal Case №1199, we consider it necessary that some inquiries should be held on the territory of the United States of America.

In accordance with the Agreement on Mutual Legal Assistance with Criminal Cases concluded between the Russian Federation and the United States of America on 17 June 1999 (came into effect on 31 January 2002), we ask you to:

1. Establish whether the company 'Kester Trade LLC' has been registered in the United States (Willow Grove Road, B2, Cadmen Kent, USA);
2. Make the seizure of documents in the company 'Kester Trade LLC' , specified in the decision about the decree on the execution of seizure, applied to our inquiry.
3. Identify who was the director of the company 'Kester Trade LLC' in 2000 and examine him/her as a witness by asking the following questions:

- How long has s/he been the director of the company 'Kester Trade LLC'? Does s/he have a right to sign contracts with international partners?
- What business does the company 'Kester Trade LLC' do?
- Has s/he ever met a citizen of the Russian Federation Mr. Vladimir A. Mezer? If yes – where, when and under what circumstances did they meet and what are their relationships now?
- Did the company 'Kester Trade LLC' employ Alexander Shaposhnikov in 2000? If it did, what was his position?
- Did the company 'Kester Trade LLC' enter into contract №709-34/12 with ZAO 'Koksokhimmontazh-Kemerovo' in 2000 on purchasing high pressure gas generators GV-3? If it did – when, where and under what circumstances was the contract concluded and who was it signed by?
- Who initiated concluding this contract?
- How was the payment for high pressure gas generators GV-3 made in 2000? What documents can confirm it?
- Who delivered the goods, when, where and on the basis of what documents?
- What organization was the supplier and who of the representatives of the company 'Kester Trade LLC' was present when the goods were delivered in Lithuania?
- Why were the high pressure gas generators GV-3 delivered on CIP conditions, Vilnius, Lithuania? Who offered such contract conditions?
- Whose is the following address where the high pressure gas generators GV-3 were delivered: Lithuania, Vilnius 2038, Rodunes, 18?
- Has the company 'Kester Trade LLC' ever purchased gas generators from Russian partners since 2000 up to date? If it has, when, where and under what circumstances were the contracts concluded, who initiated concluding the contracts, who delivered the goods, when and on the basis of what documents?

It would be appreciated if you would provide the interrogation in writing with the signatures of the witnesses and the interrogator. In case any witness refuses to sign it, the reason for the refusal should be provided in writing.

Please send your reply to this international Request for legal assistance to the Investigation Committee at the RF Ministry of Home Affairs (103009, Moscow, Gazetny pereulok, 6). It would

23

be appreciated if, in case of delay or full or partial refusal to provide the legal assistance, you could immediately inform the Russian side about it.

The information provided in the present request is confidential and is intended for official use only.

We also guarantee that the information we will receive from you with regard to this request will not be given to any third party and will only be used in the interests of the investigation of the criminal case.

The Investigation Section of the Main Investigation Office at the Main Department for Russian Home Affairs in the Kemerovo region is grateful to you in advance for your cooperation in this matter and assures you of its respect for you and readiness to provide similar assistance to you should you call for it.

**Attachments:**
1. Decree on the execution of search (seizure) in the «Kester Trade LLC» company (1 page);
2. a copy of Contract № 709-34/12 dated 20.07.2000 (7 pages);
3. a copy of the Certificate of Origin issued in the Russian Federation, original copy №001055913 (1 page);
4. a copy of Payment Order № 03179 dated 27.07.2000 for the amount of 5,050,000 rubles (1 page);
5. copies of the documents of the company 'Kester Trade LLC' (5 pages).

Yours sincerely,

First lieutenant of justice, investigator,                    (Signature)    I. A. Kilina
Investigation Section, Main Investigation Office,
Main Department for Russian Home Affairs
in the Kemerovo region

(Stamp:
Ministry of Home Affairs of the Russian Federation
Main Department for Home Affairs
Kemerovo Region Administration
Main Investigation Office)

The present document has been translated from Russian into English by the translator of the Association of Professional Translators Oxana Yurievna Shishigina.
Oxana Yurievna Shishigina has been informed of the responsibility for a deliberately false translation in accordance with Article 307 of the Criminal Code of the Russian Federation.